UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-121-FDW

| | |
|---|---|
| JERRY E. BROWNLEE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| THOMAS PLUMMER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. On March 27, 2015, this Court entered an order granting Plaintiff in forma pauperis status and waiving the initial filing fee. (Doc. No. 5).

**I.     BACKGROUND**

Pro se Plaintiff Jerry Brownlee, Jr., a state court inmate currently incarcerated at Brown Creek Correctional Institution in Polkton, North Carolina, filed this action on March 13, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff has named as the sole Defendant Thomas Plummer, identified as the Jail Facility Commander at Charlotte-Mecklenburg County Jail. Plaintiff alleges the following:

> On the date of January 27, 2011, the Plaintiff was arrested and taken into custody into the Charlotte Mecklenburg County Jail. By warrant of the State of North Carolina (case # 11crs-204429-01) for an alleged offense that occurred on Jan. 20, 2011. On the date of February 7, 2011, the grand jury returned a true bill charging the Plaintiff with aforementioned case. On the date of March 8, 2011, Assistant District Attorney of the state Tim Sieloff dismissed (without leave) the State's case 11crs204429-01. …. After dismissal of the only charges plaintiff

1

was being held on, Mecklenburg County Jail (Charlotte Mecklenburg County Jail) deprived plaintiff release from their custody over (1) month; thereby falsely imprisoning and violating plaintiff's constitutional right to liberty and freedom. At or around the date of April 15th a desperate attempt to regain his freedom and maintain his livelihood . . . plaintiff posted a $37,000 bond paying a bondsman 10% fee of $3500. The fact that plaintiff was on house arrest and electronic monitoring when the robbery charges were filed against him and the arrest warrant was issued, suggests wrongful arrest took place based on lack of probable cause, when by warrant of the State of North Carolina Plaintiff was taken into custody and imprisoned against his will. Defendant knew or should have known that the Plaintiff was entitled to release after the charge was dismissed without leave by the district attorney of the state Tim Sieloff.

(Doc. No. 1 at 3-4). In his prayer for relief, Plaintiff seeks compensatory and punitive damages. (Id. at 4-5).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A, in any action against a government employee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable

under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff alleges in his Complaint that he was falsely imprisoned because he was held in jail for a month after the criminal charges against him had been dismissed.  A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment.  See Cannon v. Macon Cnty., 1 F.3d 1558, 1562-63 (11th Cir. 1993), modified on other grounds, 15 F.3d 1022 (11th Cir. 1994).  Under North Carolina law, "[f]alse imprisonment is the illegal restraint of one's person against his will." Hoffman v. Clinic Hosp., Inc., 197 S.E. 161, 162 (N.C. 1938).  Moreover, the Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release."  Cannon v. Macon Cnty., 1 F.3d at 1563; see also Campbell v. Johnson, 586 F3d 835, 837-38 (11th Cir. 2009) (holding that a plaintiff stated false imprisonment and due process claims where the jail refused to release the plaintiff even though a court had approved his bail request, reversing and remanding on the issue of whether the sheriff personally participated in the alleged violations); Sivard v. Pulaski Cnty., 959 F.2d 662, 668 (7th Cir. 1992) (holding that continued detention where the sheriff knew it was wrongful states a claim under § 1983 for a due process violation); Sanders v. English, 950 F.2d 1152, 1162 (5th Cir. 1992) (failure to release after an officer knew or should have known that plaintiff had been misidentified gives rise to a cause of action under § 1983); Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980) (stating that "[d]etention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process").  However, the defendant's state of mind is also relevant to a § 1983 claim for substantive due process violations.  Cannon v. Macon Cnty., 1

F.3d at 1563.  The Supreme Court has held that negligent conduct does not give rise to § 1983 liability for resulting unintended loss of injury to life, liberty, or property.  Davidson v. Cannon, 474 U.S. 344, 347 (1986).

Here, taking Plaintiff's allegations as true and construing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has alleged a due process violation sufficient to survive initial review in that Plaintiff's claim against Defendant Plummer is not clearly frivolous.[1]

**IV. CONCLUSION**

For the reasons stated herein, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review.

2. The Clerk shall send Plaintiff summons forms to fill out and return to the Court so that service may be made on Defendant.  Once the Court receives the summons forms from Plaintiff, the Court will provide the forms to the U.S. Marshal for service on Defendant.

Signed: May 29, 2015

Frank D. Whitney
Chief United States District Judge

---

[1] The Court will assume for purposes of this initial review that, as the Jail Facility Commander, Defendant Plummer was responsible for day-to-day operations at the jail and was, therefore, the person responsible for keeping Plaintiff at the jail after the criminal charges against Plaintiff were dismissed.  See West v. Tillman, 496 F.3d 1321, 1332 (11th Cir. 2007) (per curiam) (finding that the sheriff was not deliberately indifferent to the inmate's Fourteenth Amendment due process right to a timely release from prison where the sheriff had delegated daily responsibility of the jail to a warden).