UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-121-FDW

| JERRY E. BROWNLEE, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| THOMAS PLUMMER, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendant Thomas Plummer. (Doc. No. 12).

## I. BACKGROUND

A. Procedural Background

Pro se Plaintiff Jerry Brownlee, Jr., a North Carolina inmate currently incarcerated at Brown Creek Correctional Institution in Polkton, North Carolina, filed this action on March 13, 2015, pursuant to 42 U.S.C. § 1983, against Defendant Thomas Plummer, identified as a "Facility Commander" at the Mecklenburg County Jail. Plaintiff alleges that Defendant Plummer falsely imprisoned him at the jail for more than a month after certain criminal charges against him had already been dismissed. (Doc. No. 1 at 1; 3-4). After conducting an initial review on June 1, 2015, this Court held that the Complaint was not clearly frivolous and ordered service on Defendant. (Doc. No. 7).

Defendant answered the Complaint on July 10, 2015. (Doc. No. 10). Defendant filed the

1

summary judgment motion on July 14, 2015, and Plaintiff filed a response on September 15, 2015. (Doc. Nos. 12; 18). Defendant filed a Reply on September 21, 2015, and Plaintiff filed a Surreply on October 14, 2015. (Doc. Nos. 20; 22).

      B.      <u>Summary Judgment Evidence</u>

The undisputed evidence on summary judgment shows that on September 14, 2009, Plaintiff was charged with first-degree burglary, robbery with a dangerous weapon, and conspiracy to commit armed robbery, from an incident on August 25, 2009 (the "2009 charges"). (Doc. No. 12-2: Def. Ex. 1). Plaintiff made bond on these charges on September 18, 2009. (Doc. No. 12-3: Def. Ex. 2). On January 27, 2011, Plaintiff was arrested for armed robbery ("2011 charge"). (Doc. No. 1 at 3). As a result of this arrest, the assistant district attorney handling Plaintiff's case, Tim Sielaff, filed a motion on January 31, 2011, to revoke Plaintiff's bonds on the 2009 charges. (Doc. No. 12-4: Def. Ex. 3). On February 9, 2011, Plaintiff's bonds on the 2009 charges were revoked. (Doc. No. 12-5: Def. Ex. 4). The 2011 charge was dismissed on March 8, 2011. (Doc. No. 1 at 3). Because his bonds had been revoked on the 2009 charges, Plaintiff was not released on March 8, 2011, upon dismissal of the 2011 charge. On April 6, 2011, Plaintiff was given bonds on the 2009 charges. (Doc. No. 12-6: Def. Ex. 5). Plaintiff bonded out on April 8, 2011, and was released from the jail. (Doc. No. 12-7: Def. Ex. 6).

In this action, Plaintiff alleges that he was "falsely imprisoned" and his rights to "liberty

2

and freedom" were violated by Defendant Plummer because Plaintiff was not released from the jail on March 8, 2011, when the 2011 charges were dismissed. He claims that the "[d]efendant knew or should have known that the Plaintiff was entitled to release after the [2011] charge was dismissed without leave." (Doc. No. 1 at 4).

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Id. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. Id. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. Anderson, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013). "Only disputes over facts that might affect the outcome of the suit under the

3

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Further, Rule 56 provides, in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, the non-movant must show the existence of a factual dispute on every essential element of his claim.

## III. DISCUSSION

Defendant is entitled to summary judgment on Plaintiff's false imprisonment claim. The undisputed evidence on summary judgment shows that Plaintiff's claim—that he was unlawfully held for more than a month after he should have been released from jail—is factually incorrect, as he was properly being held on revoked bonds on 2009 criminal charges. As a result, there was no false imprisonment, and Defendant is entitled to judgment as a matter of law. Defendant's evidence on summary judgment, which Plaintiff has not disputed, shows that from February 9, 2011, until April 6, 2011, Plaintiff was being held with no bond on the 2009 charges pursuant to a court order. (Doc. Nos. 12-5; 12-6). Plaintiff was out of custody on bond for the 2009 charges, when he was incarcerated on January 27, 2011, for the 2011 charge. See (Doc. No. 12-3).

Pursuant to N.C. GEN. STAT. § 15A-534(f) ("For good cause shown any judge may at any time revoke an order of pretrial release."), the State of North Carolina moved the Court to revoke Plaintiff's bond on the 2009 charges. (Doc. No. 12-4). That motion was granted on February 9, 2011. (Doc. No. 12-5). See State v. Albert, 312 N.C. 567, 575, 324 S.E.2d 233, 238 (1985) (defendant's violation of pretrial release legitimate reason for court to exercise discretion and revoke bond). Therefore, on February 9, 2011, Plaintiff was being held on four charges: the 2011 charge, and the 2009 charges, which had no bond. (Doc. No, 12-5). When his 2011 charge was dismissed on March 8, 2011, Plaintiff was still being held on the 2009 charges, which contained no bond. Where, as here, an inmate's detainment was valid, there can be no unlawful imprisonment. The Fourteenth Amendment protects only against deprivations of liberty accomplished "without due process of law." Baker v. McCollan, 443 U.S. 137, 145 (1979). As a result, Plaintiff's detention pursuant to lawful process did not violate his rights.[1]

In response to the summary judgment motion, Plaintiff does not contest the evidence showing that he remained in jail because his bond was revoked on 2009 charges. Instead, he contests the fairness of the bond revocation itself, and he also argues that the bond was revoked

---

[1] Defendant further contends that, even if the court disposition memos were incorrect, and if Plaintiff should have been released, Defendant would be protected by qualified immunity because of his reliance on a facially valid court order. Patterson v. Von Riesen, 999 F.2d 1235, 1239 (8th Cir. 1993) (granting immunity to prison wardens who continued to incarcerate prisoner pursuant to a valid court order in the face of his claim that he was wrongfully convicted).

on a motion by Defendant Plummer. However, the record clearly shows that the Mecklenburg County District Attorney's office, not the Mecklenburg County Sheriff's office, prosecuted Plaintiff and filed the motion to revoke Plaintiff's bond. (Doc. No. 12 at 4). The sheriff's office merely complied with the Court's bond revocation orders. Plaintiff also contends that "the state" abused its calendaring authority by failing to dispose of the 2009 charges more quickly. Plaintiff contends that if the state had not engaged in "selective and vindictive prosecution" in bringing the 2009 charges in the first place, Plaintiff would not have been held in jail for March 8, 2011, to April 6, 2011, with his bond revoked on those charges. See (Doc. No. 18 at 2). Again, Plaintiff's allegations are directly solely at conduct by the prosecution, not Defendant Plummer.

Finally, in a Surreply, Plaintiff contends that he was under electronic monitoring during the time of the armed robbery for which he was charged in 2011, and that the electronic monitoring system has a GPS on it. Plaintiff alleges that "[t]his GPS system would have the location of the plaintiff and proved that the plaintiff could not have committed the alleged crime. These records of location are in the custody of the jail." (Doc. No. 22 at 2). Plaintiff contends that "if these records ha[d] been produced, then the false imprisonment would have never [taken] place[,] thus holding the Defendant [Plummer] and the jail liable." (Id. at 1-2). Plaintiff's contention is without merit, as the District Attorney, not Defendant Plummer, had the authority

6

to obtain evidence against Plaintiff and prosecute him on the state criminal charges.

Plaintiff also states in the Surreply that he seeks to amend the Complaint to bring claims against the Mecklenburg County District Attorney's office "for not fully investigating the alleged crime by reviewing the GPS system before placing the Plaintiff under arrest and revoking his bond" and against "the Investigating department of the Charlotte Police Department" "for not thoroughly investigating the alleged crime, by the checking the plaintiff's GPS before arresting him and causing his bond to be revoked." (Id. at 2-3). To the extent Plaintiff seeks to amend the Complaint to add new claims and new Defendants in this action, the motion is denied, as allowing wholly new claims and new Defendants at this late stage in the proceedings would not serve the interests of judicial efficiency and would prejudice Defendant.

## IV. CONCLUSION

In sum, the undisputed evidence on summary judgment shows that from March 8, 2011, to April 6, 2011, Plaintiff was properly held at the Mecklenburg County Jail because his bonds on 2009 charges had been revoked, not because he was being falsely imprisoned. Therefore, Defendant is entitled to summary judgment on Plaintiff's false imprisonment claim.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Conner's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**.
2. This action is dismissed with prejudice.
3. The Clerk is directed to terminate this action.

_____
Frank D. Whitney
Chief United States District Judge